# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| | § | CASE NUMBER 6:07-CR-00065-JRG |
| v. | § | |
| | § | |
| | § | |
| RAYMOND TORRES, JR. | § | |
| | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The above entitled criminal matter was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Defendant had violated the terms of his supervised release, that his supervised release be revoked and a sentence of imprisonment of 21 months with two years of supervised release to follow. Docket No. 163 ("R&R"). Defendant filed pro se motions to appoint new counsel and to review his case (Docket Nos. 162, 164), and objections to the R&R (Docket No. 165). His counsel also filed objections to the R&R. Docket No. 169. The government responded.[1] Docket No. 168.

First, this Court does not find it appropriate to appoint new counsel. Defendant argues in his motion that his counsel was "ineffective" due to Defendant's request for a "District Judge to hear [his] case[.]" Doc. No. 162. The matter was appropriately referred to the Magistrate Judge for a recommendation on the disposition of the government's petition to revoke Defendant's supervised release, and it was not ineffective for his attorney to represent him at an evidentiary

---

[1] The Court notes that the government's response is to prior objections, and Defendant subsequently filed amended objections. However, the substance of the government's response adequately addresses Defendant's amended objections.

hearing before the Magistrate Judge. 18 U.S.C. § 3401(i) ("A district judge may designate a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings[.]") Defendant does not have a right to have an evidentiary hearing before the district judge. *United States v. Schnitker*, 281 Fed.Appx. 295, 298 (5th Cir. 2008) ("§ 3401 does not require the defendant's consent before a magistrate judge can conduct a hearing[.]"); *United States v. Rodriguez,* 23 F.3d 919, 921 (5th Cir. 1994). However, as set forth below, the District Judge will conduct a *de novo* review of the record and findings and conclusions of the Magistrate Judge. *Schnitker*, 281 Fed.Appx. at 298. Therefore, the Court **DENIES** Defendant's motion to appoint new counsel. Docket No. 162. Because Defendant is represented by counsel, and his counsel filed objections, the Court declines to specifically address Defendant's pro se motion to review his case (Docket No. 164) and objections to the R&R (Docket No. 165).[2]

In Defendant's objection, Defendant argues that the facts do not support the Magistrate Judge's findings. This Court reviews the evidence *de novo*. On February 28, 2018, a hearing was held on the government's petition. R&R at 3. The government presented two witnesses to support its allegations that Defendant had possessed cocaine, methamphetamine, and marijuana on November 4, 2017; that Defendant had consumed alcohol on January 20 and 22, 2018; and that Defendant was discharged from the County Rehabilitation Center ("CRC") on January 20, 2018, all in violation of his supervised release conditions. *Id.* Defendant's probation officer, Jason Stewart, testified and stated that Defendant tested positive for cocaine, methamphetamine, and marijuana on November 4, 2017. *Id.* Defendant signed documents indicating he had self-medicated with a cigar containing these materials at a family member's funeral. *Id.* Mr. Stewart

---

[2] Even if the Court were to review these documents, Defendant presented no evidence either in the record or in his objections that the Magistrate Judge's findings are erroneous.

then increased drug and alcohol tests to once a week and prepared a petition for the Court to modify Defendant's conditions of supervised release by placing Defendant in a community rehabilitation center. Defendant agreed to this modification, the Court ordered the modification and Defendant entered CRC on December 20, 2017. A condition of staying at CRC for Defendant was refraining from alcohol. Mr. Stewart testified that on January 22, 2018, Defendant saw him at the probation office in regards to Defendant's removal from CRC on January 20, 2018 due to consuming alcohol. Defendant submitted two positive breathalyzer tests with Mr. Stewart on January 22, 2018. When he took the tests, Defendant stated that he had taken NyQuil before he had gotten there. Because Defendant had indicated he took NyQuil, Mr. Stewart waited 15 minutes to test him again to allow his mouth to be cleared, and the test was positive a second time. On cross examination, Mr. Stewart noted that Defendant appeared surprised when he tested positive for cocaine and methamphetamine in November 2017. Next, the acting director at CRC, Alfronzo Spurlock, spoke about the fact that Defendant submitted two positive breathalyzer tests at CRC during one occasion on January 20, 2018. He stated that after Defendant's first failed test, CRC had him wait fifteen minutes to make sure the positive test was not a false positive caused by mouthwash, as was the standard, and Defendant blew again. It was also positive. That day, Defendant was removed from CRC for violating the rules.

Defendant denied these charges and had a witness testify on his behalf. *Id.* at 3–4. Defendant called a supervisor from his work at John Soules Food, Inc., Rosa Retana. Ms. Retana indicated that she saw Defendant on the days he tested positive for alcohol and that Defendant did not appear to be under the influence of any alcohol on either occasion. She also stated that it was very difficult to obtain alcohol near their workplace. Defendant then addressed the Court and stated that he had not been in possession of marijuana, methamphetamine, or

3

cocaine in November 2017, but that someone blew smoke into his face from a cigar. Defendant stated that he knew the cigar contained marijuana, but was unaware it contained methamphetamine or cocaine. Defendant denied the report about the breathalyzer tests at CRC and denied consuming alcohol on January 20, 2018. He stated that he understood the rules of CRC, and understood he could not return to CRC without being tested for alcohol. He claimed that he was breathalyzed three times, not twice, and the CRC falsified this report in retaliation against him after he filed multiple grievances. He further argued that the breathalyzer's positive identification of alcohol while with his probation officer on January 22, 2018 was due to the NyQuil he was taking because of the flu.

Based on this evidence, the Magistrate Judge concluded that Defendant violated the conditions of his supervised release by possessing cocaine, methamphetamine, and marijuana as shown by a positive test for these substances. R&R at 6. Having conducted a *de novo* review of the record, the Court is in agreement. Defendant knowingly consumed a cigar that contained substances he was prohibited from using. Even if he was unaware that it contained cocaine and methamphetamine, which is highly suspect, it is his responsibility to comply with the terms of his supervised release. He did not tell his probation officer about his noncompliance, and once he was told about his failed urine test, he did not tell the probation officer he did not possess the cigar or that he was unaware of the contents. Instead, he provided written statements that he "self-medicated" with these substances and he admitted to ingesting the marijuana at the hearing. Defendant therefore violated the terms of his supervised release by possessing cocaine, methamphetamine, and marijuana.

Further, the evidence supports the Magistrate Judge's findings that Defendant violated the rules of CRC when he tested positive for alcohol. R&R at 7. The CRC tested Defendant

twice on January 20, 2018, and although Defendant argues the CRC personnel were retaliating against him, he points to no evidence in the record that CRC personnel would falsify the report. Although alcohol is not readily available near Defendant's work, the written documentation of Defendant's positive results and testimony from the director of CRC outweigh Defendant's arguments. Accordingly, a *de novo* review of the record demonstrates that the Defendant violated a special condition of his supervised release by failing to comply with the rules of the CRC. The Court also finds that the Government did not prove by a preponderance of the evidence that Defendant violated the conditions of release by consuming alcohol on January 22, 2018.

Because the Court found by a preponderance of the evidence that Defendant violated the conditions of his release by using, and thus possessing, cocaine, methamphetamine, and marijuana, Defendant has committed a Grade B violation, which requires the Court to revoke Defendant's supervised release. The advisory guideline range for imprisonment for a Grade B violation is 21–27 months. Because the Court found by a preponderance of the evidence that Defendant violated the conditions of his release by unsuccessfully being discharged from CRC on January 20, 2018, Defendant has committed a Grade C violation, which advises a punishment range of 8 to 14 months. Because the Court finds a Grade B violation, it becomes the basis for determining the "grade of violation" for purposes of imposing a sentence. *See U.S. v. Brown*, 590 Fed.Appx. 415, 415–16 (5th Cir. 2015). Having considered the guidelines and the record as a whole, the Court finds the appropriate sentence should be at the low end of the guideline range with two years supervised release to follow. As the Magistrate Judge indicated, 21 months with two years of supervised release will allow Defendant to demonstrate he can deal with expectations and conflict in a controlled environment.

The Court therefore **OVERRULES** Defendant's objections.  The Court hereby adopts the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court and **ORDERS** that Defendant Raymond Torres, Jr. be committed to the custody of the Bureau of Prisons for a term of imprisonment of 21 months with two years supervised release to follow

**So ORDERED and SIGNED this 9th day of April, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE